**George H. ELDRIDGE, Appellee,**

v.

**Caspar WEINBERGER, Secretary of
Health, Education and Welfare,
Appellant.**

No. 73–1864.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1974.

Decided April 1, 1974.

James C. Hair, Jr., Atty., U. S. Dept. of Justice, (Irvin Jaffe, Acting Asst.

Atty. Gen., Leigh B. Hanes, Jr., U. S. Atty., and Kathryn H. Baldwin, Atty., U. S. Dept. of Justice, on brief), for appellant.

Donald E. Earls and Carl E. McAfee, Norton, Va. (Cline, McAfee, Adkins & Gillenwater, Norton, Va., on brief), for appellee.

PER CURIAM:

Before BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

Asserting that his action in terminating appellee George H. Eldridge's medical disability payments, in July 1972, without a prior *oral* evidentiary hearing, was proper under the Social Security Administration's regulations, the Secretary of Health, Education and Welfare now appeals the District Court's injunction of the termination.[1]

The point in this case is whether the procedure prescribed in the regulations[2] —textually followed by the Secretary— afforded the recipient Constitutional due process in allowing his disability payments to be terminated without such an ore tenus hearing as is projected in Goldberg v. Kelly, 397 U.S. 254, 264, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). On the District Judge's opinion, we affirm. Eldridge v. Weinberger, 361 F.Supp. 520 (W.D.Va. 1973).

Affirmed.

1. 42 U.S.C. § 405(a) ; 20 C.F.R. § 404.1 et seq.

2. Disability Insurance State Manual, as revised February 25, 1972; and Claims Manual of the Social Security Administration.