Felomino B. SAMPAYAN, Plaintiff,

v.

David MATHEWS, Secretary of the Department of Health, Education and Welfare, U. S. A., Defendant.

Civ. No. 75–048.

District Court of Guam.

April 26, 1976.

D. Bruce Cochran, Crain & Shoecraft, Agana, Guam, for plaintiff.

Ralph F. Bagley, Jr., U. S. Atty., Agana, Guam, for defendant.

## MEMORANDUM ORDER

DUENAS, District Judge.

This is an action brought by plaintiff subsequent to an adverse decision of the Secretary of Health, Education, and Welfare with regard to plaintiff's claim for Disability Insurance Benefits under the Federal Social Security Act. The action is filed pursuant to Title 42, Section 405(g), of the United States Code.

The record is not disputed. Plaintiff suffered an initial disability while fully insured under the Social Security Act on August 2, 1972. On September 20, 1972, plaintiff filed an application for Disability Insurance Benefits claiming that he had been unable to engage in any substantial gainful activity since August 2, 1972, as a result of his medical disability.

Plaintiff was finally awarded Disability Insurance Benefits due to his disabled condition from August 2, 1972 until February 28, 1974 but was denied benefits subsequent to February 28, 1974 based on a finding that he was no longer disabled as of February 28, 1974.

Pursuant to 42 U.S.C., Section 405(b), plaintiff filed a timely appeal to William H. Yin, Administrative Law Judge, on the basis of documentary evidence. On May 21, 1974, Judge Yin entered a decision determining that plaintiff was not entitled to any Disability Benefits subsequent to February 28, 1974 on the basis that plaintiff was no longer disabled.

The Appeals Council of the Bureau of Hearings and Appeals of the Social Security Administration upheld the decision of Judge Yin and so notified the plaintiff by letter dated May 7, 1975.

Subsequent to this letter, plaintiff filed this timely action.

Before the Court are Cross Motions for Summary Judgment.

Plaintiff's motion is based on two grounds: One, that no substantial evidence existed in the record to support the decision of the Administrative Trial Judge, and Two, that plaintiff was denied due process of law because he was not given a fair or reasonable opportunity to a hearing and be present at that hearing.

The Court has considered plaintiff's second ground for Summary Judgment first. 42 U.S.C. § 405(b) clearly provides that the Secretary of Health, Education, and Welfare shall provide an applicant in plaintiff's position a "reasonable notice and opportunity for a hearing with respect to such decision."

Plaintiff has placed into evidence his affidavit and the affidavit of the Assistant Pacific Area Manager for the Social Security Administration supporting the following set of facts:

That on February 1, 1974, plaintiff was informed by a Social Security Representative on Guam that if he wanted to attend and present evidence in person at the hearing on his appeal of the denial of his Disability Benefits that it would be necessary for him to provide his own round-trip transportation from Guam to Honolulu, Hawaii, plus expenses since the Social Security Administration would not hold a hearing in Guam.

Plaintiff informed the Social Security Representative that he did not have the money to make the trip and was directed by the representative to check a statement on a request for a hearing that read substantially as follows:

"I waive my right to appeal and give evidence, and hereby request a decision on the evidence on file."

Section 404.923, Title 20, of the Code of Federal Regulations provides that the Administrative Law Judge hearing an appeal shall fix the time and place for the hearing within the United States. It also defines the United States as meaning the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. Said section seems to preclude the Administrative Law Judge from holding a hearing in the Territory of Guam.

Section 7161 of the Social Security Claims Manual states: "If the appellant lives in Guam or American Samoa, a hearing is

available to him in Hawaii or in one of the other forty-nine (49) States. Advise appellant that he would have to come to the hearing at his own expense."

■ The Court will take judicial notice of the fact that for plaintiff to attend a hearing in Hawaii, the minimum cost incurred would be in excess of Six Hundred Dollars. Such amount would not include the additional cost of sending witnesses, such as plaintiff's doctor, to testify at such hearing as allowed by Section 404.927, Title 20, of the Code of Federal Regulations.

HEW Publication No. (SSA) 76–10282 has been submitted to the Court. The Branch Manager of the local Social Security Office in Agana, Guam, has stated by affidavit that Publication No. 76–10282 has been forwarded to him by the Social Security Administration to make available to Social Security claimants residing on Guam. The publication provides that an appeal hearing will usually be held within 75 miles of a claimant's home. If the hearing is not held within 75 miles of the claimant's home, the reasonable travel expenses of the claimant, the claimant's representative, and his witnesses will be paid by the government.

The Court has reviewed the record as admitted into evidence by Administrative Law Judge William H. Yin. The Court is of the opinion that it would have been to plaintiff's benefit to have had the opportunity to be present at the hearing, to have testified at the hearing, and to have had the opportunity to have had his doctor testify at the hearing. The record reflects divergent opinions of plaintiff's condition expressed by various doctors and certain ambiguities in the statements of various doctors.

The Supreme Court in *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), held that insureds must be afforded procedural due process under the provisions of the Social Security Act:

"This is not to say, however, that Congress may exercise its power to modify the statutory scheme free of all constitutional restraint. The interest of a covered employee under the Act is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the Due Process Clause. In judging the permissibility of the cut-off provisions of § 202(n) from this standpoint, it is not within our authority to determine whether the Congressional judgment expressed in that section is sound or equitable, or whether it comports well or ill with the purposes of the Act. 'Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the courts. Our concern here, as often, is with power, not with wisdom.' *Helvering v. Davis, supra*, 301 U.S. at page 644, 57 S.Ct. at page 910, [81 L.Ed. 1307]. Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." 363 U.S., at 611, 80 S.Ct., at 1373. (Underscoring supplied).

Indeed the Supreme Court held in *Goldberg v. Kelly*, 90 S.Ct. 1011, 397 U.S. 254, 25 L.Ed.2d 287, that it was violative of the due process clause for the City of New York to terminate a welfare recipient's rights without a hearing.

The same rational was cited by the Court in *Wright v. Finch*, 321 F.Supp. 383 (1971), and by the 4th Circuit Court of Appeals in *Eldridge v. Weinberger*, 493 F.2d 1230 (1974), in support of their respective holdings that the Secretary of HEW could not terminate the Disability Benefits of a recipient under the Social Security Act without the protection of a pretermination hearing.

The Supreme Court reversed the holding of the 4th Circuit in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18, decided on February 24, 1976. The Court held that a termination absent a *prior hearing* was not violative of the due process clause on the ground that the plaintiff had

a "right to an evidentiary hearing as well as subsequent judicial review" subsequent to the termination of the disability benefits. It is important to note that the Supreme Court relied on the fact that a recipient will have a hearing at some time.

The Plaintiff in the case at bar is guaranteed the right to an effective hearing both by the Supreme Court of the United States as supported by the rational in *Goldberg v. Kelly, supra*, and the Congress of the United States as provided in 42 U.S.C., § 405(b).

The action of the Secretary in not allowing hearings to be held in Guam and requiring the plaintiff to pay his own expenses and the expenses of witnesses to travel 3,300 miles to attend a hearing in Hawaii was effectively a denial of his right to have a hearing and, therefore, a violation of his right to due process under the law set forth in the Fifth and Fourteenth Amendments to the Constitution made applicable to Guam by 48 U.S.C., § 1421b(u).

The Secretary's decision not to hold hearings in Guam discriminates against the some 100,000 residents of Guam. The government can show no basis for such discrimination other than to save money. Such basis is not a Constitutionally rational basis and in view of the geographic realities is clearly unreasonable. The Secretary has by administrative regulation tried to exclude Guam from the United States and to deny to the residents of Guam the same protection of the laws to which they would be entitled if they resided in any other jurisdiction of the United States. The Court finds that the Secretary's classification of plaintiff and those similarly situated residents of Guam is a patently arbitrary classification, utterly lacking in rational justification.

The Court should also point out that the use of residence in Guam as the criterion for determining the availability of a live hearing effected the plaintiff's right to travel and reside in the Territory of Guam as recognized in *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

Regardless of the Constitutional issues, the law is very clear on this matter. Section 405(b), Title 42, of the United States Code clearly states that the Secretary shall give the plaintiff *reasonable notice and opportunity for a hearing.* The Court finds that to require the plaintiff to travel to Honolulu at his own expense is not providing him with an opportunity for a hearing. The Secretary has failed to carry out the clear dictates of Congress.

The burden to the government of sending an Administrative Law Judge to Guam to hold hearings *when necessary is indeed* slight compared to the hardship of the disability recipient in traveling to Hawaii and incurring the cost of transporting himself and his witnesses from Guam to Hawaii and back again.

Pursuant to 42 U.S.C., § 405(g), the Court hereby orders the defendant to hold another hearing on plaintiff's appeal as provided in 42 U.S.C., § 405(b) in the Territory of Guam, or in the alternative, if plaintiff is physically able to travel, to pay for the reasonable travel expenses of plaintiff and his necessary witnesses to whatever location defendant desires to hold said hearing.

SO ORDERED.