Leonard CASWELL, Paula Cox, Charlotte Jackson, Jean LaForest, Arlene Philbrick, Arthur Shepard, Mildred Smith, George W. Snow, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Joseph A. CALIFANO, Jr., as Secretary of the Department of Health, Education and Welfare of the United States, Defendant.

Civ. No. 76–25–ND.

United States District Court, D. Maine, N. D.

July 19, 1977.

John Whitehouse Cobb, Bangor, Me., for plaintiffs.

George J. Mitchell, U.S. Atty., Portland, Me., Lawrence E. Burstein, Asst. Regional

Atty., Dept. of HEW, Boston, Mass., for defendant.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

Leonard Caswell and seven other named plaintiffs[1] have brought this action on behalf of themselves and all others similarly situated against the Secretary of the Department of Health, Education, and Welfare seeking an end to extensive delays in the scheduling of the administrative hearings afforded to applicants for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405(b), 423, and its implementing regulation, 20 C.F.R. § 404.917. The complaint sets forth three causes of action against the Secretary: (1) Count I alleges that failure to provide a prompt hearing to challenge the denial of benefits violates 42 U.S.C. §§ 405(b), 423; (2) Count II asserts a violation of the sections of the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), which provide that agency action must be taken "within a reasonable time" and that a federal court may compel agency action unreasonably delayed; and (3) Count III alleges a deprivation of a statutory benefit without due process of law in violation of the Fifth Amendment. Jurisdiction is variously asserted pursuant to 28 U.S.C. §§ 1331 and 1361; 5 U.S.C. §§ 701–704, 706; and 42 U.S.C. § 405(g). The amount in controversy is alleged to exceed $10,000, exclusive of interest and costs. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and injunctive relief mandating a time limit within which the statutory hearings must be held. They also request that defendant be directed to provide interim disability benefits to those applicants for whom hearings are not scheduled in accordance with the Court's order. Nine-

ty days is advanced as the optimum time period in which a hearing should be scheduled.[2]

By order of May 5, 1976, and without objection, plaintiffs' class was certified as all residents of the District of Maine who have applied for Social Security disability benefits pursuant to 42 U.S.C. § 423; who have received a notice of initial determination from defendant denying their applications; who have received a notice of reconsideration determination from defendant affirming the initial denial; who have filed a timely request for hearing pursuant to 42 U.S.C. § 405; whose request for hearing has been pending for sixty days or longer; and for whom a hearing date has not been scheduled. Plaintiffs and defendant have attempted over the past year to achieve an informal reconciliation and settlement that would dispose of the pending backlog of Social Security disability cases and assure timely disposition of future requests for hearing. These efforts have, however, reached an impasse.

Presently before the Court is plaintiffs' motion for summary judgment. Concurring with the views expressed by the three district courts which have granted relief in analogous cases (*Barnett v. Weinberger*, Civ. No. 74–270 (D.Vt. opinions of May 5, 1975, January 13, 1976) and *Barnett v. Mathews* (D.Vt. opinion of February 22, 1977); *White v. Mathews*, 434 F.Supp. 1252 (D.Conn.1976); *Blankenship v. Mathews*, Civ. No. C 75–0185 L(A) (W.D.Ky. opinion of May 6, 1976), the Court holds that it has jurisdiction of the action; that the pleadings, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact; and that plaintiffs are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Plaintiffs' motion for summary judgment is therefore granted.

1. Paula Cox, Charlotte Jackson, Jean LaForest, Arlene Philbrick, Arthur Shepard, Mildred Smith, and George W. Snow. Although hearings have been held and decisions rendered in the appeals of all named plaintiffs save Shepard, the dispute is not moot with respect to Shepard and the remaining members of the

class. *See, e. g., Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

2. The complaint initially sought an elapsed time from initial request to hearing of sixty days. Plaintiffs' counsel has, however, subsequently modified the request to ninety days.

## I.

### Factual Background

#### A. Statutory and Regulatory Provisions

The Title II disability insurance program is administered jointly by state and federal agencies. The initial determination whether a covered worker is disabled is made by the state agency pursuant to standards and procedures prescribed by the Secretary, 42 U.S.C. § 421(a), (b).[3] To establish an initial entitlement to disability benefits under Title II, a wage earner must demonstrate that he is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A). The evidence presented by the applicant must establish the existence of a disability by means of "medically acceptable clinical and laboratory diagnostic techniques," *id.* § 423(d)(3), and that the disability is of such severity that

> [the applicant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A). Eligibility for disability benefits is not based directly on financial need. The level of benefit payments is based on several factors, including age and the prior average monthly earnings of the applicant while employed.

Once a wage earner files an application for benefits under § 423, an initial determination of eligibility is made by the Social Security Administration (SSA). 20 C.F.R. §§ 404.905–404.908. If the result is adverse to the applicant, he may request *de novo* reconsideration of the decision and submit additional evidence. 20 C.F.R. §§ 404.909–404.916. This review includes no face-to-face meeting and is based upon forms completed by the applicant and affidavits. *Idem.* If the initial decision is affirmed, the applicant has a right to a hearing before an SSA Bureau of Hearings and Appeals administrative law judge. 42 U.S.C. §§ 405(b), 421(d); 20 C.F.R. §§ 404.917–404.941. At this stage a full evidentiary hearing is held with the applicant present, and the record of this proceeding forms the basis for any subsequent review. *Idem.* Continued denial of benefits may be reviewed by the SSA Appeals Council in its discretion. Judicial review of the "final decision" of the Secretary is guaranteed by statute. 42 U.S.C. § 405(g). Plaintiffs do not challenge the statutory scheme but seek only the opportunity to avail themselves of its procedures within a reasonable time frame.

#### B. The Backlog and Remedial Action Taken

The backlog of Title II disability cases following request for hearing before an administrative law judge is national in scope. The situation reached "crisis" proportions in April 1975 with a national backlog of pending hearing requests of 113,000, an increase from 36,780 in 1973. Requests for hearings substantially increased in the years immediately preceding the commencement of this litigation due to the large volume of "black lung" cases filed under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 901 *et seq.* and the enactment of Title XVI of the Social Security Act, Supplemental Security Income for the Aged, Blind and Disabled (SSI), 42 U.S.C. §§ 1381–1383c. "Black lung" and SSI appeals have substantially increased the work load of the Title II judges. Congressional hearings were held on the backlog through-

---

**3.** The Secretary has delegated his responsibilities and powers under the Act to the Social Security Administration. 40 Fed.Reg. 4473.

out 1975 and remedial legislation to provide greater flexibility in the use of SSA resources for administrative hearings was signed into law in January 1976. Public Law 94–202, Section 3, 42 U.S.C. § 1383, note (1977 Supp.), provides temporary authority to the Secretary to shift SSI hearing examiners to consider Title II appeals. The expressed hope of the legislation's sponsors was that by mid-1977 the backlog of Title II cases would be brought under control and hearings before administrative law judges could be scheduled within 90 days. S. Rep. No. 94–550, 94th Cong., 1st Sess., 1975 U.S. Code Cong. & Admin. News 2349.[4]

Congress was overly optimistic. The following statistics relevant to this particular litigation are undisputed. As of May 1976 the average waiting time between request for hearing and the scheduled date of hearing was 11.5 months for the New England Region, which includes the State of Maine. Within this State, persons who had hearings scheduled in March 1976 had filed requests for hearing an average of 334 days, or roughly 11 months, earlier. The median elapsed time between request and hearing was 367 days, or 12 months.[5] The named plaintiffs in this action had an average elapsed time from request to hearing of 398 days, or 13 months, ranging from 369 to 439 days. The average elapsed time from request to date of decision was 569 days, or nearly nineteen months, ranging from 513 to 694 days. Title II cases within this State for which requests for hearing have been received by the Administration but without hearing scheduled after 180 days have decreased over time but were still substantial as of November 1976: 90 cases in January 1976, 144 cases in April 1976, 50 cases in October 1976, 57 cases in November 1976.

Within the New England Region, 45 percent of those claimants for disability benefits who choose to appeal an adverse reconsideration decision achieve reversal and a favorable outcome following hearing.

Thus, as a result of these lengthy delays, nearly half of plaintiff class is subjected to prolonged deprivation of benefits to which they are legitimately entitled.

Defendant has attempted to reduce the backlog of cases. A new hearing office was authorized for Portland as of January 1976, and three permanent administrative law judges are now assigned to that office, although their duties do not consist exclusively of review of Title II appeals. A temporary detail of eight administrative law judges from Region VI (Dallas) was assigned to Maine in the autumn of 1976 and was able to dispose of 307 pending cases. These efforts have not, however, managed to eradicate the extensive delays faced by applicants who assert their statutory right to a hearing before an administrative law judge. Prior to the commencement of this litigation and the SSA's massive attack on the backlog, in January 1976 there were 346 requests for hearing pending in the State without hearing scheduled. By April 1976, this backlog had increased to 396 requests upon which hearing had not been scheduled. Even after the assignment of the out-of-state judges, a substantial portion of the backlog, approximately 300 requests upon which hearing had not been scheduled, were still pending in January of this year. Although Maine now has three full-time administrative law judges, the figures provided by defendant indicate that while they hold an average of 50 hearings per month, an average of 64 hearing requests per month are received. The result is a monthly net addition to the already existing backlog. Applicants who have requested a hearing may easily wait six to seven months before a hearing is scheduled and an undetermined amount of time to decision.

## II.

### Jurisdiction

■ In their complaint, as amended, plaintiffs have asserted jurisdiction on the

---

4. While Pub. L. No. 94–202 was pending before Congress, additional legislation was introduced which would have set a 120-day maximum time limit on the scheduling and determination of Title II appeal hearings (see H.R. 5276, 94th Cong., 1st Sess. (1975)). No such limitation was included, however, in the final legislation.

5. Defendant has been unable to furnish more current statistics.

basis of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act), and 42 U.S.C. § 405(g) (Social Security Act). It is now settled, however, that the Administrative Procedure Act is not an independent grant of subject matter jurisdiction to the district courts. *Califano v. Sanders,* 99 U.S. 430, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). *Sanders* and *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), also cast doubt as to the existence of federal question jurisdiction to review agency action such as that challenged in this case. This Court need not, however, venture into that particular jurisdictional quagmire, as the Court is satisfied that it has jurisdiction pursuant to the federal mandamus statute, 28 U.S.C. § 1361, and the Social Security Act, 42 U.S.C. § 405(g).

### A. *28 U.S.C. § 1361*

■ 28 U.S.C. § 1361 grants to the district courts original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus jurisdiction requires that three basic conditions be met: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied,* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973). All three conditions are met in the present case.

■ First, plaintiffs have a clear statutory right to the hearing sought. 42 U.S.C. § 405(b); 20 C.F.R. § 404.917. Second, the Social Security Act requires that defendant provide plaintiffs with a hearing, *idem.,* and the Administrative Procedure Act imposes a duty upon defendant to perform within a reasonable time and not to permit unreasonable delay of administrative action. 5 U.S.C. §§ 555(b), 706(1). This type of duty has been held to be mandatory. *Deering Milliken v. Johnston,* 295 F.2d 856, 860–61 (4th Cir. 1961); *White v. Mathews, supra;*

*Barnett v. Weinberger, supra* (May 5, 1975). Plainly, while the Secretary may possess discretion as to precisely when and where a hearing will be held, no discretion is accorded defendant to delay agency action sufficiently long so as to deny plaintiffs' statutory and constitutional right to a hearing. Finally, no other adequate remedy is available. It is the crux of plaintiffs' claim that they cannot receive prompt hearings, and it is highly unrealistic to consider presentment of a direct complaint to the Secretary, who is already acutely aware of the existing backlog and delays prior to hearing, as a viable alternative to mandamus for the statutory violation asserted. *White v. Mathews, supra,* 434 F.Supp. at 1257–1259; *cf. Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under established principles, therefore, mandamus jurisdiction properly lies with this Court pursuant to Section 1361 unless, as defendant argues, such jurisdiction is foreclosed by the limitations on court review established by the Social Security Act.

■ Defendant contends that 42 U.S.C. §§ 405(g) and (h) preclude mandamus jurisdiction of the present case. Section 405(g) provides for judicial review of "any final decision of the Secretary made after a hearing to which [the applicant] was a party." Section 405(h) reads as follows:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 [28 U.S.C. § 1331 *et seq.*] to recover on any claim arising under this subchapter.

The question of whether mandamus jurisdiction was present despite Section 405(h) was expressly reserved by the Supreme Court in *Mathews v. Eldridge, supra* 424 U.S. at 332 n. 12, 96 S.Ct. 893, but lower federal courts confronted with analogous cases arising under the Social Security Act have consistently found mandamus jurisdic-

tion to be present. *Tatum v. Mathews*, 541 F.2d 161, 164 (6th Cir. 1976); *White v. Mathews, supra*, 434 F.Supp. at 1254–1260; *Blankenship v. Mathews, supra*, slip op. at 1–2; *Barnett v. Weinberger, supra*, slip op. (May 5, 1975) at 2–4, slip op. (January 13, 1976); *Davis v. Department of Health, Education & Welfare*, 416 F.Supp. 448 (S.D.N.Y. 1976); *Jackson v. Weinberger*, 407 F.Supp. 792 (W.D.N.Y. 1976); *Lyons v. Weinberger*, 376 F.Supp. 248 (S.D.N.Y. 1974). This Court agrees with the holdings of these cases.

By its terms Section 405(h) precludes review only of "findings of fact or decision of the Secretary." In *Weinberger v. Salfi, supra*, and, most recently, in *Califano v. Sanders, supra*, the Supreme Court interpreted this provision to bar jurisdiction asserted under the federal question statute, 28 U.S.C. § 1331(a). *Salfi* and *Sanders*, however, involved plaintiffs who sought to reverse or reopen decisions made by the Secretary. Plaintiffs in the present case seek only a hearing and decision within a reasonable time and are content to have their substantive claims, with which Section 405(h) is concerned, determined within the framework of the Social Security Act. These plaintiffs are not attempting to bypass the statutory restrictions limiting review of claims for disability benefits. Section 405(h) is therefore inapplicable to the present case.

## B. *42 U.S.C. § 405(g)*

As previously noted, 42 U.S.C. § 405(g) provides for judicial review of "any final decision of the Secretary made after a hearing to which [the applicant] was a party." The recent decision of the Supreme Court in *Mathews v. Eldridge, supra*, establishes that the finality requirement of Section 405(g) is composed of two elements: (1) the non-waivable requirement that a claim for benefits shall have been presented to the Secretary, and (2) the waivable requirement that the administrative remedies prescribed by the Secretary be exhausted. *Id.* 424 U.S. at 328, 96 S.Ct. 893. The first element of finality is clearly met in the present case. *Eldridge* held that this truly "jurisdictional" requirement—that a claim actually be

presented to the Secretary—may be satisfied by an initial application for or a claim to continued disability benefits. So long as the Secretary is given an opportunity to make an initial decision, judicial review under Section 405(g) is available. *Id.* at 328–30, 96 S.Ct. 893. *Eldridge* further established that plaintiffs' claim for benefits having been presented to the Secretary, it is not necessary that their constitutional challenge also have been proffered prior to seeking judicial relief. *Id.* at 330, 96 S.Ct. 893.

With respect to the second "waivable" requirement—that the administrative remedies prescribed by the Secretary be exhausted before judicial review may be sought—*Eldridge* established that a constitutional challenge to SSA procedures, collateral to a claim of substantive entitlement, need not have run the full gauntlet of administrative remedies; the finality requirement of Section 405(g) must "be construed so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered," and "the nature of the claim being asserted and the consequences of deferment of judicial review are important factors in determining whether [these requirements have] been satisfied." *Id.* at 331 n.11, 96 S.Ct. at 901. The very essence of plaintiffs' claim in this case is that finality within the administrative system cannot be achieved because of the violation of their statutory and constitutional right to be heard. It would indeed be ironic if the very delay now under attack, which prevents the exhaustion of administrative remedies through no fault of plaintiffs, constitutes a barrier to this Court's jurisdiction under Section 405(g). The Court concludes, therefore, that jurisdiction to hear plaintiffs' claims is present under that Section. *Mathews v. Eldridge, supra; Tatum v. Mathews, supra; Blackenship v. Mathews, supra; cf. White v. Mathews, supra.*

## III.

### *Substantive Claims*

A. *Statutory Claims*

Plaintiffs contend that the failure of the Secretary to provide a prompt hearing be-

fore an administrative law judge to challenge the denial of Title II disability benefits violates the requirements of the Social Security Act and the Administrative Procedure Act.

The section of the Social Security Act upon which plaintiffs rely, 42 U.S.C. § 405(b), provides in relevant part:

The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Upon request by any such individual . . . who makes a showing in writing that his or her rights may be prejudiced by any decision the Secretary has rendered, he shall give such applicant . . . *reasonable notice and opportunity for a hearing* with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse his findings of fact and such decision. (emphasis supplied) [6]

The relevant provisions of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1) further provide:

. . . [w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time,* each agency shall proceed to conclude a matter presented to it."

5 U.S.C. § 555(b) (emphasis supplied), and the reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed

. . . . .

5 U.S.C. § 706(1).

■ The crux of plaintiffs' statutory claim is that the foregoing provisions of the Social Security Act and the Administrative Procedure Act mandate that a Title II disability hearing be held within a reasonable time after it has been requested; that the delays which the plaintiff class has been experiencing far exceed any reasonable time span within which to hold an administrative hearing after one has been requested; and that 90 days between request and hearing is such a reasonable period. The Court concludes, as have three other federal district courts confronted with similar delays in hearings afforded disability benefits claimants under the Social Security Act, *White v. Mathews, supra; Barnett v. Mathews, supra* (February 22, 1977); *Blankenship v. Mathews, supra,* that current delays are unreasonable and violate the above-mentioned sections of the Social Security Act and the Administrative Procedure Act. The Court further concludes that a reasonable time from request to hearing is 90 days.

■ The above-quoted provision of the Social Security Act mandates that the Secretary shall provide an applicant with "reasonable . . . opportunity for a hearing." The cited sections of the Administrative Procedure Act further require that agency action be taken "within a reasonable time" and that the reviewing court shall "compel agency action . . . unreasonably delayed." Clearly, these statutes impose upon the Secretary a duty to provide a hearing at some meaningful time. *Cf. Mathews v. Eldridge, supra.* This case centers, therefore, upon the determination of a reasonable time after request within which an administrative hearing must be held. Nowhere in either statute is a "reasonable time" for the scheduling of a Title II disability hearing expressly defined. Defendant emphasizes the absence of a specific time limitation and argues that the parameters of reasonableness lie wholly within the Secretary's discretion. The lack of a maximum time limit, however, cannot vitiate the statutory directive that hearings be held within a "reasonable" time. *Barnett v. Mathews, supra,* slip op. (February 22, 1977) at 7. Inaction may itself be tantamount to

---

**6.** The implementing regulation, 20 C.F.R. § 404.917 provides:

An individual has a right to a hearing about any matter designated in § 404.905, if:

(a) An initial determination and a reconsideration of the initial determination have been made by the Administration; and

(b) The individual is a party referred to in § 404.919 or § 404.920; and

(c) The individual has filed a written request for a hearing under the provisions described in § 404.918.

It is conceded that plaintiffs have met these criteria.

a denial of benefits, and defendant may not avoid judicial review by simply failing to act. *See Environmental Defense Fund v. Hardin,* 138 U.S.App.D.C. 391, 428 F.2d 1093 (1970); Davis, *Administrative Law of the Seventies* (1976) § 8.08 at 282–83; *cf. Sampayan v. Mathews,* 417 F.Supp. 60, 63 (D.Guam 1976) (failure to provide hearing on Guam for disability claimant and requiring travel at applicant's expense to Hawaii violates statutory right to hearing at a "reasonable" place). Indeed, Congressional concern with delays of the type challenged here was evident both in the passage of Public Law No. 94–202 and in the committee hearings preceding its enactment. *See Hearings on Delays in Social Security Appeals before the Subcommittee on Social Security of the House Committee on Ways and Means,* 94th Cong., 1st Sess. (1975); *Barnett v. Mathews, supra,* slip op. (February 22, 1977) at 7; *White v. Mathews, supra.*

 Defendant also argues that reasonableness does not wholly depend upon elapsed time from request to hearing and that lack of resources, the complexity of hearings on Title II disability benefit claims, the dynamic nature of the inquiry, and the shortage of administrative law judges with expertise in this area are factors requiring greater time lags prior to hearing and decision. Defendant concedes that existing administrative burdens and lack of resources do not justify the delays experienced by the eight named plaintiffs in this suit but attempts to characterize the eleven month delays as extreme cases which do not accurately represent the delays suffered by class members. The most current statistics for the District of Maine, however, as set forth *supra* indicate that the situation has not improved significantly despite additional efforts by the SSA and new legislation in this area. Moreover, defendant's claim of inadequate resources does not justify violation of a federal statute. *See Like v. Carter,* 448 F.2d 798, 803 (8th Cir. 1971), *cert. denied,* 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972); *Barnett v. Mathews, supra* (February 22, 1977); *White v. Mathews, supra; Blankenship v. Math-*

ews, supra. Cf. Mathews v. Eldridge, supra,* 424 U.S. at 348, 96 S.Ct. 893 (increased costs, while one factor to be considered in determining the requirements of due process, are not controlling).

In concluding that 90 days is a reasonable time from request to hearing, the Court is guided by specific time limitations that appear in other sections of the Social Security Act. Determinations under the SSI program (Title XVI) are to be made within 90 days except where the dispute involves the existence of a disability. 42 U.S.C. § 1383(c)(2). The federal regulations for the former Aid to the Disabled Program required that state agencies render decisions in disability cases within 90 days of request for hearing. 45 C.F.R. § 205.-10(a)(16). Moreover, the Secretary has stated that 90 days is the optimum median elapsed time from request to scheduled hearing and that he hopes to meet that goal. *See Blankenship v. Mathews, supra,* slip op. at 8; *White v. Mathews, supra,* 434 F.Supp. at 1254; *cf. Barnett v. Mathews, supra,* (February 22, 1977).

### B. *Constitutional Claims*

As plaintiffs are entitled to relief solely on statutory grounds, the Court need not reach their constitutional claim that the delays experienced by them in obtaining an administrative hearing deny them due process of law in violation of the Fifth Amendment. *Cf. Barnett v. Mathews, supra* (February 22, 1977). The Court does note, however, its agreement with the views expressed by the two district courts that have granted relief on constitutional grounds in analogous cases, *White v. Mathews, supra,* and *Blankenship v. Mathews, supra.*

### IV.

### *Relief*

In determining the relief to be granted plaintiffs, the Court has considered both defendant's concerns regarding inadequate resources and staffing and the orders entered by the courts in *White, Blankenship,* and *Barnett* (February 22, 1977). The lat-

136

ter two decisions ordered hearings after a specified date to be scheduled within 90 days of request, while *White* required decision following hearing within 120 days from request. Both *White* and *Barnett* ordered a gradual reduction in delays over a period of time and provided for the payment of interim benefits to class members whose hearing requests were pending longer than the time period permitted by the Court, subject to termination upon an unfavorable hearing result. This enforcement provision is urged upon the Court by plaintiffs in the present case. *Blankenship* chose not to award interim benefits but rather established a monitoring system and required defendant to provide the Court with data to measure compliance and explanations of all delays exceeding 90 days.

Bearing in mind the Supreme Court's admonition in *Mathews v. Eldridge, supra,* that

> the cost of protecting those whom the preliminary administrative process has identified as likely to be found undeserving may in the end come out of the pockets of the deserving since resources available for any particular program of social welfare are not unlimited[,]

*id.* 424 U.S. at 348, 96 S.Ct. at 909, the Court will not order the payment of interim benefits to members of the class at this time. Defendant's resources are better utilized in ensuring prompt hearings for all claimants. Status reports will be required, however, so that compliance with the Court's order may be properly monitored. The Court also will permit defendant the greatest possible flexibility within the bounds of statutory compliance. Defendant will therefore be required to schedule hearings within the time limits from request hereinafter specified, but decisions following hearing will not operate under similar time constraints. The Court is confident that this will not result in undue delays in rendering decisions and that the flexibility will allow defendant to give greater attention to the more complex cases.

Accordingly, within the District of Maine defendant, on or before December 31, 1977,

shall have reduced the maximum delay between the filing of a request for a hearing before an administrative law judge on a Title II disability appeal and the scheduling and holding of such hearing to 120 days, and by July 1, 1978, the defendant shall have further reduced such maximum delay to 90 days. The maximum time limit in any particular case shall be extended by such periods of delay as are directly caused by the applicant's own failure to provide essential information for adjudication, or are otherwise directly caused by the applicant. Defendant shall provide the Court and plaintiffs' counsel with status reports every three months until compliance with the Court's order has been achieved. Within 30 days the parties shall agree upon and submit to the Court a proposed judgment suitable to accomplish the purposes of this order.

IT IS SO ORDERED.