**Elaine CASE, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 76–2232.

United States District Court,
D. South Carolina,
Rock Hill Division.

Dec. 2, 1977.

Larry F. Grant, Fort Mill, S. C., for plaintiff.

William A. Coates, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

BLATT, District Judge.

Plaintiff has filed this action under 42 U.S.C. § 405(g) for review of the decision of the Secretary dismissing plaintiff's request for disability and supplemental security income (SSI) benefits for failure to comply with certain time requirements of the Social Security Act, 42 U.S.C. § 301 et seq., and pertinent regulations. 20 C.F.R. § 404.-1, et seq. The Magistrate's report, which is before this court pursuant to 28 U.S.C. § 636(b), recommended that the Secretary's motion to dismiss the instant action be granted on the ground that this court is without jurisdiction to consider the issues raised herein. The basis for the Magistrate's recommendation is that 42 U.S.C. § 405(g) authorizes judicial review only of "final decision(s) of the Secretary made after a hearing . . .", and since a hearing has not been held in this case, there is no jurisdiction under § 405(g) for this court to act. The plaintiff has excepted to the Magistrate's report, alleging a constitutional violation of her right to due process, claiming either (1) that the statutory time periods involved should have been tolled because both the plaintiff and her attorney were mentally incapacitated during the administrative process, or (2) that no guardian or competent counsel was appointed to represent the plaintiff even though the Secretary knew of the plaintiff's mental illness. This court rejects the latter ground because there is no constitutional right to counsel generally in civil actions, cf., *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); however, for the reasons hereinafter stated, the court feels that there is good cause to remand this case to the Secretary for further proceedings.

The rather complex chronological order of events occurring in this case are detailed below and will be referred to when appropriate.

(a) 1/29/74 – Plaintiff telephones local Social Security Office to inform that office of her intention to file for benefits.

(b) 2/4/74 – Plaintiff files application for SSI and disability benefits.

(c) 3/6/74 – Secretary denies disability benefits application.

(d) 10/23/74 – Secretary denies SSI benefits application.

(e) 5/27/75 – Plaintiff's attorney writes to the Social Security Administration to "apply for benefits for Mrs. Elaine Case."

(f) 11/26/75 – Secretary notifies plaintiff that her request for a formal reconsideration concerning disability benefits is denied since the request was not made within six (6) months of initial denial, as required by 20 C.F.R. § 404.911.

(g) 12/17/75 – Plaintiff writes to Social Security Office requesting reconsideration of her original SSI claim filed February 4, 1974.

(h) 4/13/76 – Plaintiff notified by administrative law judge that since no reconsideration had been made on her initial application (disability and SSI), she had no right to a hearing because such a hearing can only be held after reconsideration, as determined by 20 C.F.R. § 404.917.

(i) 4/26/76 – Plaintiff's attorney requests review of the case stating, "We have medical evidence to submit."

(j) 9/24/76 – Social Security Appeals Council notifies plaintiff that the prior dismissals of her action on March 6, 1974, and October 23, 1974, were "the final determination of this department."

(k) 11/22/76 – Plaintiff files the instant suit.

 The Magistrate found, based on the foregoing events, that after the initial denials of benefits on March 6, 1974 (disability) and October 23, 1974 (SSI), the plaintiff had failed within six (6) months to request a reconsideration (20 C.F.R. §§ 404.-909–404.915); therefore, the Magistrate concluded that the administrative law judge was correct in denying plaintiff a hearing, 20 C.F.R. § 404.937, since there is no right to a hearing until after a reconsideration, 20 C.F.R. § 404.917, 42 U.S.C. § 405(g). Furthermore, in view of this situation, the Magistrate concluded that this court was without jurisdiction to review the record as 42 U.S.C. § 405(g) restricts judicial review to "final decision[s] of the Secretary made after a *hearing*."[1] This court disagrees in part with the Magistrate's interpretation of the correspondence between the parties,[2]

1. The Magistrate properly dismissed the attempts of the Secretary to avoid judicial review on the ground that the plaintiff's complaint was not filed in a timely manner. This contention of the Secretary was based on the fact that the initial "pleading" in this case (a copy of the Appeals Council rejection letter) was filed on November 22, 1976, 59 days after the Appeals Council rejection on September 24, 1976. The Secretary attempted to argue that the November 22, 1976, letter to the Clerk of Court was not the "commencement of a civil action" within sixty (60) days as required by 42 U.S.C. § 405(g). This contention is without merit in the view of this court which has seen all types of scraps of paper construed as proper complaints in *pro se* prisoner actions.

2. This court feels that the November 26, 1975, letter from the Social Security Administration rejecting formal reconsideration of the disability claim was nonetheless "a reconsideration" entitling the plaintiff to a hearing. This interpretation is based on the following language in the letter:

"Thus, since the request for reconsideration was not timely filed, and good cause for late filing is not established, you are not entitled

to a formal reconsideration. We have, nevertheless, given your claim a careful review and find that you are not insured for disability insurance benefits."

Noting that the regulation requiring a reconsideration before entitlement to a hearing does not mention a "formal reconsideration", (20 C.F.R. § 404.917(a)), this court holds that the Social Security Administration gave Mrs. Case a reconsideration, at least on her disability claim, on November 26, 1975, and thus waived its own time limitation on requesting same. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 at 899 n. 9, 47 L.Ed.2d 18 (1976). Following this reasoning, Mrs. Case would be entitled to a hearing on strictly statutory grounds, at least as to her disability claim. However, since there is a need for constitutional disposition of the SSI claim—(which will also decide the disability claim)—there is no further need to consider a separate analysis for the disability benefits claim. In this posture, the rule that a court should not decide a case on constitutional grounds when non-constitutional grounds are available is inapplicable since constitutional analysis is needed on the SSI claim in any event.

but remands the case on an entirely different basis.

█ The ground for remand which exists in this case arises from the notions of fundamental fairness of the due process clause of the Fifth Amendment. *Galvin v. Press,* 347 U.S. 522, 530, 74 S.Ct. 737, 98 L.Ed. 911 (1954). It is apparent from the record that Mrs. Case was ignorant of the Social Security Administration procedures, and she did not comprehend, as a layman, the consequences of her attempts to negotiate the administrative maze. In this context, this court feels that it is appropriate to look to analogous situations involving prisoner *pro se* petitions to determine whether the plaintiff was unjustifiably prevented from presenting a potentially meritorious claim due to administrative time requirements. This court is of the opinion that reference to prisoner cases is proper since it believes that Mrs. Case's entitlement to Social Security benefits which she needs to buy food and medicine is worthy of the same protection as a prisoner's right to basic necessities, which right is so assiduously protected by the courts. It has been repeatedly held that the courts must provide prisoners proceeding *pro se* the widest latitude in interpreting their varied legal maneuvers so that a valid claim will not be foreclosed due to a pleading or procedural technicality. (*See, Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971), and the *hundreds* of cases which have applied and expanded the principle of that case.) This court frequently overextends the time in which *pro se* prisoner-litigants are expected to comply with pleading requirements, and it feels that the Social Security Administration should have treated Mrs. Case, under the circumstances here involved, in a similar manner. An addition-

al factor which, in this court's opinion, clearly indicates a violation of Mrs. Case's due process rights, is the fact that the attorney who represented Mrs. Case during the administrative proceedings, and until October 19, 1976,—(approximately one month before the filing of the instant action)—was suspended by the Supreme Court of South Carolina from the practice of law on that date due to a mental illness which precluded him from exercising the judgment necessary to continue in his profession. Although the Social Security Administration sent all correspondence directly to Mrs. Case, it is highly probable that she, as would practically every layman represented by counsel, gave these papers to her counsel and relied on her counsel's advice concerning the proper procedure to follow in the handling of her Social Security claim. It is apparent from the record that the combination of the mental illness of Mrs. Case and her attorney resulted in "the blind leading the blind." For the Secretary to deny benefits to this plaintiff on the basis of a failure to comply with time requirements under these facts shocks the conscience of this court, and is a clear denial of the basic due process rights to notice and to a meaningful opportunity to be heard.[3]

█ Although *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) limits *statutory* review of actions of the Social Security Administration to those available under 42 U.S.C. § 405(g), it expressly leaves open the power of a court to entertain a *constitutional* challenge to a claimant's treatment at the hands of the Administration, which challenge would be cognizable under § 405(g) as construed in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[4] In *Mathews,* the

---

3. This court notes that, had the Social Security Administration been fully aware of the conditions of Mrs. Case and her attorney, it would surely have reopened her case under its own Regulations. 20 C.F.R. § 404.957(b) provides for reopening of an administrative claim within four (4) years from the initial decision on a finding of "good cause", which is defined by 20 C.F.R. § 404.958(a) to be "new and material

evidence. . . ." Certainly the revelation that both the plaintiff and her attorney were *non compos mentis* would be such new and material evidence to compel reopening of a claim which had been denied due to procedural defects.

4. The fact that Mrs. Case failed to raise with the Secretary her constitutional claim concerning the administrative time limitations does not

claimant, challenging the termination of his disability benefits, had failed to seek reconsideration of the Secretary's initial determination. 96 S.Ct. at 899. In the face of the Secretary's argument, similar to that made here, that a "decision after a hearing" was a jurisdictional prerequisite to judicial review, the court held that "bare bones" jurisdiction for a constitutional challenge could be shown by proving that a benefits application had been denied. The "after a hearing" language of § 405(g) was held not to be a jurisdictional prerequisite to a *constitutional* challenge. This court feels that this principle was recently reaffirmed in *Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 986 (1977), and such reaffirmance influences this court to hold that there is both a proper jurisdictional basis and a constitutional violation to authorize it to remand this matter to the Secretary for further proceedings to determine the plaintiff's substantive eligibility for both disability insurance and supplemental security income benefits.[5]

AND IT IS SO ORDERED.

bar consideration of that claim here. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893 at 900, n. 10, 47 L.Ed.2d 18.

5. *Lowther v. Montgomery County, Maryland,* 561 F.2d 1120 (4th Cir. 1977) is, in this court's opinion, in accordance with the views reached herein. In that case, the plaintiffs, seeking termination of their Social Security coverage, failed to present their claim to the Secretary, and the Fourth Circuit Court of Appeals held that they were not entitled to judicial review

under the principle enunciated in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The situation in *Lowther* differs from the instant case, where the Secretary has expressly informed Mrs. Case—(via the Appeals Council rejection letter of September 24, 1976)—that the initial dismissals of her disability and SSI claims on March 6, 1974, and October 23, 1974, were "the final determination of this department."