**J. Marie GOINS, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

No. C 79–36.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

April 14, 1980.

James F. Pickens, Cedar Rapids, Iowa, for plaintiff.

Judith A. Whetstine, Asst. U. S. Atty., Cedar Rapids, Iowa, for defendant; Donald A. Gonya, Asst. Gen. Counsel, Randolph W. Gaines, Chief of Litigation, Alan M. Grochal, Atty., Social Security Div., Dept. of HEW, Baltimore, Md., of counsel.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion to dismiss for lack of subject matter jurisdiction, filed August 27, 1979. Complaint dismissed in accordance with opinion.

1. The court is not privy to the reasons for the disallowance since the record is bare on this point.

2. Additionally, the Notice stated: "If you do not request a hearing of your case within the prescribed time period, you still have the right to file another application at any time." Defendant's Ex. 3.

In this action, filed pursuant to section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), plaintiff seeks judicial review of defendant's decision to disallow her application for disability benefits under 42 U.S.C. §§ 401 *et seq. See also* 20 C.F.R. Part 404 (1979). The undisputed facts are as follows.

On October 18, 1977, plaintiff filed her initial claim for disability benefits on the basis of heart trouble. Although the record does not fully document this, sometime between October, 1977 and March, 1978 her claim was disallowed.[1] On March 20, 1978, plaintiff filed her written request for reconsideration, providing additional information that subsequent to her initial claim she had a stroke and could not use her right hand and had trouble in talking. Defendant does not contend this request was untimely and the court assumes it was timely.

Thereafter, on June 18, 1978 plaintiff was mailed a written notice that her request for reconsideration was denied, based both on the information provided in the initial claim and in the request for reconsideration. This notice also informed plaintiff that she could request a hearing before an Administrative Law Judge (ALJ) not later than 60 days after her receipt of the notice (receipt is presumed to occur 5 days after date of mailing of the notice by defendant, *see* 20 C.F.R. § 404.918 (1979)).[2] Presuming a timely request for hearing, plaintiff would have had an administrative right to such hearing. *See* 20 C.F.R. § 404.917(a)(1), (b), and (c) (1979).

On November 15, 1978, plaintiff filed a request for hearing. This clearly was beyond the 60-day time period allowed.[3] Plaintiff indicated the following in explanation:

3. Although file stamped by defendant on November 15, 1978, the Request for Hearing was dated by plaintiff "11/02/78". Even if the court were to consider the request to have been made on November 2, 1978, it would still have been more than two months late.

"I realize that I am not filing this claim within the required 60 days. I believe that I have good cause for not requesting this hearing timely. I have been very ill. I have been so anxious that I couldn't undergo the necessary procedure to file for the hearing. I feel that I could not have even called the nearest Social Security Office due to my anxiety."

On November 24, 1978, an ALJ filed an order dismissing plaintiff's request for hearing. The ALJ ruled that the request was not made on time and no good cause was shown why it could not have been. Defendant's Ex. 5. Notice of the dismissal order was mailed to plaintiff that same date.

Within the prescribed 60 days, on November 27, 1978, plaintiff's attorney sent defendant a letter requesting to review his client's case file. This was treated by defendant as a written request for Appeals Council Review of the ALJ's decision. *See* Defendant's Exs. 6 to 9. Plaintiff's attorney also forwarded to defendant a report made by plaintiff's attending physician, which specified plaintiff's condition and disabilities and expressed the doctor's view that plaintiff could never be considered employable in any capacity.

On April 10, 1979, the Appeals Council denied the request for review of the ALJ's dismissal of request for hearing. The Appeals Council determined that "there is no basis under the . . . regulations for granting the request for review of the dismissal of the request for hearing." This determination appeared essentially to be based on the Council's view that the ALJ had not abused his discretion. Moreover, the Appeals Council stated that the report by plaintiff's attending physician was not relevant "to the matter of the dismissal of the request for hearing", but would be forwarded to the Administration's Disability Benefits Division for consideration of "whether the additional evidence warrants any change in the prior determination . . . ." (that is, of the disallowance of disability benefits.) *See* Defendant's Ex. 10.[4]

On June 7, 1979—within the prescribed 60 days from the Appeals Council decision, *see* 42 U.S.C. § 405(g)—plaintiff filed this action for judicial review. Defendant now moves to dismiss for lack of subject matter jurisdiction. Defendant's argument appears to be double pronged. First, citing 42 U.S.C. § 405(g),[5] defendant argues that because plaintiff was denied a hearing—and, thus, no hearing occurred—this court is without jurisdiction to review a "final decision . . . made after a hearing . . . ." This argument clearly presents jurisdictional issues. Second, defendant argues that this court cannot review her decision because plaintiff has failed to pursue the administrative procedures within all prescribed time periods.[6] Whether constituting an exhaustion or limitations argu-

---

**4.** Thus, it is not at all clear whether the Appeals Council's decision of April 10, 1979 was a final affirmance of the disallowance of benefits or merely an affirmance of the ALJ's decision not to grant a hearing. Plaintiff's request for Appeals Council review clearly indicated, however, that her intention was indeed to seek review of defendant's substantive decision to disallow her claim for benefits. *See* Defendant's Exs. 6 to 9.

**5.** 42 U.S.C. § 405(g) provides in pertinent part:
> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

**6.** In this connection, *see* 42 U.S.C. § 405(b), which provides in pertinent part:
> The Secretary is directed to make findings of fact, and decisions as to rights of any individual applying for a payment under this subchapter. [Subchapter II, pertaining to Old-Age, Survivors, and Disability Insurance Benefits]. Upon request by any such individual . . . he shall give such applicant . . . reasonable notice and opportunity for a hearing with respect to such decision . . . *Any such request with respect to such a decision must be filed within sixty days after notice of such decision is received by the individual making such request.* (Emphasis added).

ment, the court deems this second prong more accurately to present a contention that plaintiff has failed to state a claim for judicial review upon which relief can be granted. The court will treat it as such and grant it as such.

### Jurisdiction

42 U.S.C. § 405(g), by its terms, provides 'or judicial review only of a " . . . final decision of the Secretary made *after a hearing* . . . ."[7] Defendant argues that since there was no hearing—because the ALJ dismissed plaintiff's request for a hearing—this court has no jurisdiction to review the Secretary's decision disallowing plaintiff's claim for disability benefits.[8]

■ Without deciding the issue, the court is willing to accept defendant's contention that, to review the Secretary's decision disallowing claims for disability benefits, jurisdiction can only be found on 42 U.S.C. § 405(g).[9] It does not necessarily follow from that, however, that the court lacks subjects matter jurisdiction in this case even though there was no hearing. Indeed, the Supreme Court of the United States has held that under some circumstances, courts may exercise Section 405(g) jurisdiction even in the absence of administration hearings. *Mathews v. Diaz*, 426 U.S. 67, 75–76, 96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976); *Mathews v. Eldridge*, 424 U.S. 319, 326–32, 96 S.Ct. 893, 898–909, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764–67, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975).

*Salfi* involved a widow, Mrs. Salfi, who applied to the Social Security Administra-

---

**7.** Defendant's brief in support of her motion to dismiss seems to presume that the word "hearing" in 42 U.S.C. § 405(g) refers to an oral proceeding. It is noted that the Supreme Court has held that in some circumstances opportunity to submit written materials may satisfy a statutory requirement of "hearing". *See, United States v. Florida East Coast Ry.*, 410 U.S. 224, 238–46, 93 S.Ct. 810, 817–21, 35 L.Ed.2d 223 (1973); *United States v. Allegheny-Ludlum Steel Corp.*, 406 U.S. 742, 756–58, 92 S.Ct. 1941, 1950–51, 32 L.Ed.2d 453 (1972). The plaintiff here made written application, and it is clear that she was granted the opportunity to and did in fact submit other written materials. She, of course, was not granted an oral hearing. In any event it seems that plaintiff's request for a hearing encompassed a desire to make an oral presentation. Without deciding the meaning of the word "hearing" in 42 U.S.C. § 405(g), for purposes of this order on defendant's motion to dismiss for lack of jurisdiction, the court adopts defendant's apparent presumption that the statutory language refers to an oral proceeding.

**8.** Reading the Act literally in this way, defendant's argument implies that Congress intended to preclude judicial review of the Secretary's decisions, adverse to claimants, *in every case* in which a request for a hearing was denied. If that were true, the Secretary would of course have the best of all possible administrative worlds in that she could always evade judicial review of her decisions simply by always denying requests for a hearing. The court is not persuaded that such a literal interpretation of the statutory language is correct.

**9.** Defendant cites 42 U.S.C. § 405(h) in support of this contention. 42 U.S.C. § 405(h) provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331 or § 1346] to recover on any claim arising under this subchapter.

The United States Supreme Court, *Weinberger v. Salfi*, 422 U.S. 749, 756–62, 95 S.Ct. 2457, 2462–65, 45 L.Ed.2d 522 (1975), has interpreted this section to preclude judicial review under Section 1331 of Title 28, United States Code, of the Secretary's decisions with respect to claims arising under both the Social Security Act and the Constitution. *Id.* at 760–61, 95 S.Ct. at 2464. The Supreme Court has also read 42 U.S.C. § 405(h) to preclude review under Section 10 of the Administrative Procedure Act (5 U.S.C. §§ 701–706). *Califano v. Sanders*, 430 U.S. 99, 104–07, 97 S.Ct. 980, 983–85, 51 L.Ed.2d 192 (1977). Other courts, however, have found jurisdiction under at least one other statute to review the Secretary's decisions under certain circumstances. *See, e.g., Elliott v. Weinberger*, 564 F.2d 1219, 1225–28 (9th Cir. 1977); *White v. Mathews*, 559 F.2d 852, 856 (2d Cir. 1977) *affirming* 434 F.Supp. 1252 (D.Conn. 1976); *Caswell v. Califano*, 435 F.Supp. 127, 132–33 (D.Me. 1977). (Mandamus jurisdiction, 28 U.S.C. § 1361, exists to review the Secretary's decisions where the claimant claims a statutory or constitutional right to a hearing).

tion for mother and child survivor's insurance benefits. The Administration denied the application both initially and upon reconsideration. No hearing was held. Mrs. Salfi then sought judicial review of the denial of benefits, seeking, *inter alia*, recovery of the denied benefits and a declaration that certain statutory definitional requirements (pursuant to which the benefits were denied) constituted unconstitutional irrebuttable presumptions. The Supreme Court held that 42 U.S.C. § 405(g) contained the applicable jurisdictional basis to review Mrs. Salfi's claim. Noting that Section 405(g) required a "final decision of the Secretary made after a hearing," the Court added, however,

"We have previously recognized that the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. . . . Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. . . . Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest." 422 U.S. at 765–66, 95 S.Ct. at 2467 (citations omitted).

The Court thus considered the Secretary's decision on Mrs. Salfi's application to be "final" for purposes of Section 405(g) review. As to the "after a hearing" requirement, the Court stated that:

"[m]uch the same may be said about the statutory requirement that the Secretary's decision be made 'after a hearing.' Not only would a hearing be futile and wasteful, once the Secretary has determined that the only issue to be resolved is a matter of constitutional law concededly beyond his competence to decide, but the Secretary may, of course, award benefits without requiring a hearing. We do not understand the statute to prevent him from similarly determining in favor of the applicant, without a hearing, all issues with regard to eligibility save for one as to which he considers a hearing to be useless." 422 U.S. at 767, 95 S.Ct. at 2467.

Thus, *Salfi* stands for the proposition that for purposes of Section 405(g) jurisdiction to judicially review, the Secretary may be deemed to have waived certain procedural requirements when making her final decision.

In *Eldridge*, the Supreme Court elaborated further upon the waiver doctrine set out in *Salfi*. *Eldridge* involved a decision by the Social Security Administration to terminate disability benefits that Eldridge had been receiving for some years. The Administration's notification to Eldridge advised him of his right to seek reconsideration within a set time period. Instead of requesting reconsideration Eldridge commenced a civil action challenging the constitutionality of the Administration's procedures established to assess whether a continuing disability existed. The Secretary moved to dismiss the complaint on grounds that Eldridge had failed to exhaust available administrative remedies. On review, the Supreme Court again held that Section 405(g) was the applicable jurisdictional provision, and that jurisdiction did exist to review the Secretary's decision even absent a hearing. The *Eldridge* Court chose to elaborate on the waiver doctrine it had set out in *Salfi*, stating:

"*Salfi* identified several conditions which must be satisfied in order to obtain judicial review under § 405(g). Of these, the requirement that there be a final decision by the Secretary after a hearing was regarded as 'central to the requisite grant of subject matter jurisdiction . . . .' 422 U.S. at 764, 95 S.Ct. at 2466. Implicit in *Salfi*, however, is the principle that this condition consists of two elements, only one of which is purely

'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. . . . As *Salfi* recognized, the Secretary may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." 424 U.S. at 328, 330, 96 S.Ct. at 899, 900. Thus, *Salfi* and *Eldridge*, read together, indicate that federal courts may have Section 405(g) jurisdiction to review the Secretary's decision denying new claims or terminating existing benefits even in the absence of an administrative hearing, at least in those cases where a colorable constitutional issue exists.[10]

In her motion to dismiss, defendant cites the Supreme Court decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) as determinative in this case. The court disagrees.[11] *Sanders* involved a decision by the Secretary not to reopen a claim that had initially been denied some years earlier. The decision not to reopen was made without a hearing. The denial of the initial claim, however, had been made after exhaustion of agency procedures including an administrative hearing. Moreover, the claimant in *Sanders* had not sought judicial review of the Secretary's final decision on the initial claim.[12] 430 U.S. at 102, 97 S.Ct. at 982. In holding

that the district court had no Section 405(g) jurisdiction to review the Secretary's decision, the Court in *Sanders* distinguished *Salfi* and *Eldridge* because those cases involved review of the Secretary's decisions to deny or discontinue social security benefits and because they included constitutional as well as purely benefit review claims. 430 U.S. at 108–09, 97 S.Ct. at 985–86. The Court emphasized that in *Sanders*, on the other hand, the claimant sought only to reopen a prior claim. Furthermore, *Sanders* did not involve a challenge of the Secretary's decision on constitutional grounds.

■ In conclusion, therefore, to the extent that denials of new claims are treated differently than denials of applications to reopen prior claims and to the extent that refusal to grant a hearing on a new claim may impinge upon statutory as well as constitutional rights, the court considers the waiver standard delineated by the Supreme Court in *Salfi* and *Eldridge* to be controlling here. *Caswell v. Califano*, 435 F.Supp. 127, 131–32 (D.Me.1977). See *Adames v. Califano*, 552 F.2d 1, 2 (1st Cir. 1977); *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 343–46 (3d Cir. 1977); *Case v. Califano*, 441 F.Supp. 304, 307–08 (D.S.C. 1977). Thus, contrary to defendant's first contention, the mere fact that no hearing was held is not in itself preclusive of a district court's jurisdiction to review the Secretary's decision to disallow benefits.

■ *Salfi* and *Eldridge* established that the finality requirement of Section 405(g) is composed of two elements: (1) the nonwaivable requirement that a claim for benefits shall have been presented to the

10. Some courts have held that section 405(g) jurisdiction exists, absent a hearing, to review even purely statutory claims. *See, Liberty Alliance of the Blind v. Califano*, 568 F.2d 333, 346 (3d Cir. 1977). *Cf., Case v. Califano*, 441 F.Supp. 304, 307–08 (D.S.C.1977).

11. Although *Sanders* has some applicability, it is not directly on point since it involved a "reopening" case; and given that *Salfi* and *Eldridge* are also pertinent, a proper decision here can only be made by considering these three cases together.

12. "Although the HEW decision not to reopen a claim for disability benefits involved in *Sanders* . . . was not itself reviewable under the statutory procedures, a person aggrieved by any such refusal *is* provided administrative and judicial review at some stage in the administrative processing of his claim, namely, at the time HEW initially denies his claim for benefits." *Mid Atlantic Nephrology Center, Ltd. v. Califano*, 433 F.Supp. 23, 32 (D.Md.1977).

Secretary, and (2) the waivable requirement that the administrative remedies prescribed by the Secretary be exhausted. *Mathews v. Eldridge*, 424 U.S. at 328, 96 S.Ct. at 899; *Caswell v. Califano*, 435 F.Supp. 127, 133 (D.Me.1977). The first, nonwaivable, element is clearly present in this case. And given that plaintiff's claim was disallowed both initially and upon reconsideration; and that she then proceeded up through the administrative procedural levels to an Appeals Council decision, the Secretary would be deemed to have waived any Section 405(g) "jurisdictional" defects, and specifically those relating to that section's hearing requirement. This is because the internal substantive, as distinguished from purely procedural, decision-making needs of the agency were otherwise fulfilled. It is in that sense and to that extent that this court decides it has 42 U.S.C. § 405(g) jurisdiction to review this case.

■ But to conclude as a technical matter that the court has jurisdiction under 42 U.S.C. § 405(g) to review this case even in the absence of an oral hearing does not completely determine all the issues present-

ed, however. This is because the one procedural requirement not met by plaintiff is not only administratively regulated but is also *mandated* by congressional enactment. It is this court's interpretation of the Social Security statutory scheme that for a plaintiff *to state a proper claim* for judicial review, she must present some pleading or other indication that she has also met all *statutory* procedural, as distinguished from purely jurisdictional, requirements.

### *Failure to State a Claim*

■ Pursuant to 42 U.S.C. § 405(b), the Secretary must give an adversely affected applicant reasonable opportunity for a hearing. That statutory provision, however, also expressly states that a request for a hearing "*must* be filed within sixty days" after receipt of notice.[13] 42 U.S.C. § 405(b). Since, in this case, plaintiff clearly has failed to meet this time requirement *prescribed by statute*,[14] and since there is indication that she was not granted an extension of time to do so,[15] she has failed to state a claim upon which relief against the Secretary can be granted.[16] *Cf., Whipp v.*

---

13. And if the applicant meets certain regulatory requirements, including timeliness, she has an *administrative* right to such hearing. *See* 20 C.F.R. 404.917 (1979).

14. The court does not decide here whether plaintiff could state a claim if she had merely failed to meet a time limit prescribed solely by administrative regulation, as opposed to one imposed directly by congressional enactment.

15. *Compare, e. g.*, 42 U.S.C. § 405(g), and 20 C.F.R. 404.954,–.954a (1979).

It should perhaps be emphasized that plaintiff's claim here is for review of the Secretary's substantive decision to disallow her claim for benefits, not for a review of the decision to deny her request for a hearing. If plaintiff's claim were the latter, this decision might have been different. The ALJ found that the request was untimely, as clearly it was, and that no good cause was shown why it could not have been filed on time. As to the "no good cause" determination the court notes, however, that 42 U.S.C. §§ 405(g) and (h) provide that the Secretary's findings of fact are conclusive if supported by substantial evidence. Be that as it may, given the specific nature of plaintiff's claim here presented, the court need not and does not decide whether it may properly pass on the ALJ's "no good cause" finding.

In sum, there is no claim presented here that could otherwise be considered merely collateral to plaintiff's substantive claim for benefits. *Compare, Mattern v. Mathews*, 582 F.2d 248 (3d Cir. 1978).

16. As a practical matter on the peculiar facts of this case, this conclusion—that plaintiff is not entitled to the relief requested—could perhaps be alternatively based upon the evidence showing that plaintiff's proffered report by her attending physician was forwarded to the Disability Benefits Division of the Social Security Administration for consideration of whether the report would change the decision to disallow her initial claim. Before the results of such further consideration, if any was in fact made, could be obtained, plaintiff filed this action for judicial review, which, of course, was her procedural right under the statute. But the lack of results from such consideration, if any exist or could exist, makes it unclear whether there is any actual, as opposed to procedural, final decision of the Secretary to be reviewed here. In short, even if this court were to entertain plaintiff's claim, this peculiarity of the case might result in nothing other than summary judgment ordering a remand to the Secretary for further action. This, however, is not the basis for the present order and is not the court's holding.

*Weinberger*, 505 F.2d 800 (6th Cir. 1974) [statutory time limits—in 42 U.S.C. § 405(g), for example—is condition precedent to Secretary's liability].

Although this result may appear to be harsh on this individual plaintiff, this court is constrained to abide by the clear statutory pronouncements of Congress which established the Social Security System and its procedures in the public's, as well as plaintiff's individual, interests. Moreover, the apparent harshness of this result in the context of this case is mitigated somewhat by the fact that plaintiff has the right at any time to file another application to the Secretary for disability benefits; [17] or to seek from the Secretary a reopening of her case, *see* 20 C.F.R. 404.957,—.958 (1979).

It is therefore

ORDERED.

Complaint dismissed for failure to state a claim.